FILED
03/08/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY SEEKING REVIEW OF PRISON DISCIPLINARY SANCTION

| Court: United States District Court | District: Southern District of Indiana |
|---|---|
| Name: Dontay D. Martin a/k/a Lateef | Docket or Case No.: 1:23-cv-00414-TWP-KMB |
| Place of Confinement: Pendleton Correctional Facility | Prisoner ID No.: 149487 |
| Name of Petitioner: Dontay D. Martin a/k/a Lateef | Name of Respondent (Superintendent having custody of petitioner): v. Dennis Reagle (Warden) |
| The Attorney General of the State of: Indiana | |

# PETITION

1. Name and location of prison disciplinary body that determined guilt of conviction under attack: Disciplinary Hearing Board (DHB), Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, Indiana, 46064-9001.

2. Date of judgment of conviction: 12·9·22

3. Sanction(s) imposed: Non-Grievous Loss: Written Reprimand. Grievous Loss: 60 (sixty) days Restricted Housing, 5·9·23 to 7·8·23.

4. Nature of all infractions (rule violations) involved: Class A, Code #121, Use and Possession of Cellular Device.

5. What was your plea? (Check one)
   (a) Not Guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendre  ☐

6. If you pleaded not guilty, what kind of hearing did you have? (Check one)
   (a) Hearing Officer  ☒
   (b) Full Hearing  ☐
   (c) Other Specify  ☐ _____

7. Did you testify at the disciplinary hearing?  ☒ Yes  ☐ No

8. Did you appeal the decision of guilt and imposition of sanctions? ☒ Yes ☐ No

9. If you did appeal, answer the following:

    (a) Name and title of institutional reviewing authority: Christina Conyers, title: Unknown
    (b) Result of appeal: Denied
    (c) Date of result: 2-9-23 after Appeal submitted 12-12-22
    (d) Grounds raised: Due Process Violations on two (2) grounds and Insufficient Evidence claim.

    (e) If you sought review from any denial of your appeal from a high reviewing authority, answer the following:

       (i) Name and title of higher reviewing authority: Matthew Brown, Appeal Review Officer.
       (ii) Result of higher appeal: Refused to view, Had Appeal over 30 days, deemed Denied.
       (iii) Date of result: 3-6-23
       (iv) Grounds raised: Same grounds raised in facility level appeal, Due Process Violations on two (2) grounds and Insufficient Evidence.

10. Other than administrative appeals from the judgment of conviction and sanction(s), have you previously filed any petitions, applications or motions with respect to this disciplinary sanction in any court, state or federal?  ☐ Yes  ☒ No

11. If your answer to Question 10 was "Yes," please give the following information:
    (1) Name of court: N/A
    (2) Nature of proceeding: N/A
    (3) Grounds raised: N/A

    (4) Did you receive an evidentiary hearing on your petition, motion or application?
        ☐ Yes  ☐ No
    (5) Result: N/A

(6) Date of result: N/A

(7) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, motion or application?     ☐ Yes     ☐ No

(8) If you did *not* appeal from any adverse action of any petition, motion or application, explain briefly why you did not:

N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same. **CAUTION:** *In order to proceed in federal court, you must ordinarily first exhaust all available administrative appellate remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*

A. Ground One: Due Process Violation - Failure to allow Mr. Martin to present evidence, i.e. "the actual cellphone or picture of" that Martin allegedly used or possessed.

Supporting FACTS (state *briefly* without citing cases or law): On 11·29·22 Mr. Martin was written up for use and possession of a cellular device. At his initial screening hearing he requested "Physical Evidence." Specifically he requested a picture of the cellphone that the staff member alleged he used and possessed. At Mr. Martin's Disciplinary Hearing, the DHB officer informed Mr. Martin that he would not receive a "picture of the cellphone" because no cellphone had been confiscated by staff, it was just staff alledging he admitted to having a cellphone while housed in J Cellhouse at some point in

Case 1:23-cv-00414-MPB-KMB    Document 2    Filed 03/08/23    Page 4 of 11 PageID #: 5
D-9 (rev. 07/09/14)

time. Martin argues that he was denied his right to present evidence that clearly should be available if he was in "possession" of a cellular device as alleged in the conduct report. He argues that this denial violated his Due Process rights.

B. Ground Two: <u>Due Process Violation - Failure to allow Mr. Martin to present evidence, i.e. "the actual recording of the interview that staff falsely claimed he admitted to using and possessing a cellphone in."</u>

Supporting FACTS (state *briefly* without citing cases or law): <u>Again, at Mr. Martin's Screening Hearing he requested physical evidence. Specifically, he requested the Hearing Officer to review the contents of the interview mentioned within the conduct report to see that he never admitted to having a cellphone in J-Cell house as falsely alleged. After the Hearing, the DHB officer informed Mr. Martin that the same day the staff said that the interview was not recorded because it was "very brief." Internal Investigators "NEVER" conduct an interview without recording it in some capacity. In the instant case they "conveniently" say it wasn't recorded knowing that it was in reality. The review of the contents would have clearly contradicted the false allegations within the Conduct report.</u>

Martin observed a camera in the interview room. He argues he was denied his right to present evidence and this denial violated his Due Process Rights.

C. Ground Three: Insufficient Evidence to conclude that Martin actually used and possessed a cellular device.

Supporting FACTS (state *briefly* without citing cases or law): Mr. Martin has maintained that he never told any staff that he had used and possessed a cellular device. He argues that without a cellphone being confiscated from him that he can not be found guilty for using and "possessing" one. To possess a cellphone Martin would have had to have one confiscated from his person, living area or an area that he reasonably has access to. That did not happen because there is no cellphone. There was no picture taken of this "imaginary" cellphone because again, there is no cellphone. There is no text messages, phone log info, social media accounts etc that reasonably links Martin to a cellphone. This finding of guilt is nothing more than a "because staff said you did it, you're guilty." There is no evidence to support that Mr. Martin actually used and possessed a cellphone. Without an actual cellphone seen or confiscated in/from Martin's possession there is insufficient evidence to find him guilty. This would be no more than a Class C conduct report for "Lying to staff." Therefore, there is insufficient
(Additional Sheet of Paper) Attached

D. Ground Four:_____

_____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law):_____

_____

13. If any of the grounds listed in ¶ 12A, B, C and/or D were not previously presented in your administrative appeal, state *briefly* what grounds were not presented and give your reasons for not presenting them: __N/A_____

_____
_____
_____
_____
_____
_____
_____

14. Do you have any petition, motion, application or appeal now pending in any court or before any administrative hearing body, either state or federal, as to the disciplinary action under attack?

☐ Yes   ☒ No

15. Give the name and prison identification number or title of any inmate or staff law advocate who represented you in the following stages of the disciplinary proceeding under attack:

  a. Disciplinary hearing: Not legible on State Form 35447 (R7/3-19)
  b. Institutional level appeal: N/A, Pro Se
  c. Higher level appeal: N/A, Pro Se

**WHEREFORE**, Petitioner prays that the Court grant petitioner relief to which petitioner may be entitled in this proceeding.

*Dontay D. Martin*
(signature)

Dontay D. Martin a/k/a Lateef
(name, printed)
Petitioner / *Pro se*

## **AFFIRMATION**

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury that the foregoing representations are true and correct to the best of my personal knowledge and belief; and, that this Petition for Writ of Habeas Corpus was placed in the mailing system on the below executed date.

Executed on this 8th day of March, 2023.

_Dontay D. Mac_
(signature)

Duntay O. Martin a/k/a Lateef
(name, printed)
Petitioner / *Pro se*

IDOC # 149487
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001

Supporting Facts for Ground Three Continued

evidence to find Mr. Martin guilty of the offense. Further, Martin poses the following question to the Court: Hypothetically, had Mr. Martin allegedly confessed to committing a Murder inside J-Cellhouse to these same staff members, without a dead body, nor evidence that a murder took place in J Cellhouse, no witnesses or anything to link him to a murder, would he still face discipline for a murder? Martin finally argues that even if the Court were to find the conduct report credible in its allegations, that still, the reporting staff and DHB officer had no reason or evidence to support that his alleged statement was anything other than a "lie."

Respectfully,

Dusty R. Martin
(a/k/a Lateef)

- Affidavit of Fact and Truth -

I, Dontay D. Martin a/k/a Prince Abdul Lateef, hereby swear under the penalty of perjury; that: On 12·12·22 I turned in a Disciplinary Hearing Appeal to CaseWorker Martin in G Cellhouse concerning Case Number: ISR-22-12-0038. I attached a blue inmate request slip with this appeal asking Mr. Martin to forward it to the facility head and to return a copy of the appeal to me. Caseworker Martin never returned a copy to me. After waiting over thirty (30) days without receiving a response from the facility level appeal I deemed it to be denied per practice and custom of Pendleton Correctional Facility. As a prisoner, I do not have the authority to force staff to make copies of documents I requested nor can I force the facility head to respond to appeals in a timely fashion. It is custom in the I.D.O.C. that if grievances or appeals are not responded to within 30 days they are deemed denied and the inmate shall proceed with the appeal process as if denied. On ~~1.20.23~~ 1·29·23 I submitted a second appeal to the Final Reviewing Authority for DHB appeals and mailed it out Certified Mail. I have attached the Certified Mail Receipt and State Form 35720 (5·91), Request for Remittance. Over thirty (30) days passed with no response from the Final Reviewing Authority so I deemed that appeal denied as well. On 3·6·23 I received a letter from Appeal Review Officer Matthew Brown stating he has not "found" the first appeal and therefore he would not review my second appeal before him. I did not receive the response to the first appeal until 2·9·23 from Christina Conyers. I then mailed a copy of it to the Final Reviewing Authority shortly after I received a copy from the law library. I have attached a copy of the first appeal with response to this Petition. I've done everything in my power to exhaust my administrative remedies. I ask the Court to please be mindful of that. My sixty (60) day sanction

1

of Restricted Housing does not begin until 5·9·23 through 7·8·23 so this Court can still affect the duration of my incarceration. If I have to repeat the administrative appeal process as the State (Matthew Brown) suggests, the time it takes will make this petition Moot and the state is aware of that. Please let me move forward in the process of gaining relief.

FURTHER AFFIANT SAITH NOT.
Date: 3·8·23

Dontay D. Martin
#149487

I, do swear under penalty of perjury that the above representations are true and correct to the best of my personal knowledge and belief.